IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EMILIO MENDEZ, ET AL.,

  Plaintiff,

  v.                                               CIVIL NO.  04-1194 (JAF)

GILBERTO AVILES-AVILES ET AL.,

  Defendants.

**REPORT AND RECOMMENDATION**

**I.  INTRODUCTION**

Plaintiffs Emilio Méndez-Méndez ("Méndez") and Orlando O. Vega ("Vega") filed this civil rights action against the City of Moca, its Municipal Assembly and Gilberto Avilés Avilés ("Gilberto Avilés"), former President of the Moca's Municipal Assembly, claiming they were terminated from employment with the municipality of Moca for political discrimination because they supported an adversary of the current mayor at the primaries of the New Progressive Party ("NPP") for the 2004 general elections.  (**Docket No. 1**).

Defendants filed a motion for summary judgment predicated on plaintiffs' lack of evidence to show at trial a substantial or motivating factor behind their dismissal to support their claim of political discrimination (**Docket No. 15**).  The motion included defendants' Statement of Uncontested Facts and documents attached thereto, which translations to the English language were filed on February 11, 2005 (**Docket No. 27**).  Defendants claim the reason for terminating plaintiffs from employment was the financial deficit of the municipality as a result of a significant lack of resources between the projected and the actual income of the Municipality of Moca during fiscal year 2002-2003.  Defendants also aver plaintiffs would not

be able to show at trial a substantial or motivating factor behind their dismissal of political motivation.

Plaintiffs filed their Opposition to Defendants' Summary Judgment with the corresponding attachments, exhibits, Opposition to Statement of Uncontested Statement of Facts, and Sworn Statement of plaintiff Méndez (**Docket No. 28**).[1] Plaintiffs' opposition to summary judgment submits they were the only two (2) known employees supporting the opposing candidate and thereafter were the only two (2) municipal employees of the Municipal Assembly who were dismissed on alleged claims of financial deficit of the Municipality of Moca. Plaintiffs also contend defendants' allegations that the reason for plaintiffs' dismissals was the economic difficulties of the Municipality of Moca was pretextual since they were the only persons at the Municipal Assembly whose jobs were terminated and after their discharge defendants have employed new part-time personnel.

These motions were referred to this Magistrate Judge for report and recommendation (**Docket No. 35**).

## II. FACTUAL BACKGROUND

Plaintiff Méndez worked at the municipality of Moca's Municipal Assembly as an Administrative Assistance, whose duties included, among others, taking notes during Commissions' hearings. This endeavor took about thirty percent (30%) of his work time. Towards the end of Mendez' employment tenure, the Municipal Assembly acquired a video tape recorder to record the above hearings. On July 31, 2003, plaintiff Méndez ceased employment

---

[1] On April 5, 2005, plaintiffs submitted the English translations of all exhibits attached to their opposition (**Docket No. 36**).

with the municipality after he was handed a termination letter by defendant Gilberto Avilés indicating his termination was for financial reasons. Thereafter, no other person has occupied the position formerly held by Mr. Méndez.

Plaintiff Vega first held a position as Office Clerk, then as Secretary III with similar functions, and finally as Administrative Assistance with Moca's Municipal Assembly preparing reports of the events which entailed the Commissions' hearings and drafting correspondence to different government agencies as to the Commissions' recommendations. On November 22, 2002, Vega submitted a resignation letter to be effective on December 6, 2002. Nonetheless, defendant Gilberto Avilés sent Vega a letter encouraging him to reconsider his resignation. Then, Mr. Vega continued in his employment but some time after had some problems with his attendance sheets. On July 31, 2003, Vega was terminated from employment on claims of a financial deficit because the municipality of Moca expected lower income than the projected one. The functions previously performed by Vega are carried by the Sargent of Arms with the aid of the recorder.

On November of 2003, José Avilés Avilés was the incumbent mayor of the Municipality of Moca who was challenged during the NPP's primaries by Osvaldo Méndez, former President of the Municipal Assembly. Defendant Gilberto Avilés ran for assemblymen on Mayor José Avilés Avilés' ticket and thereafter became the President of the Moca's Municipal Assembly, from which plaintiffs were terminated from employment.

Both plaintiffs, Méndez and Vega, actively supported during the 2003 pre-election primaries the NPP candidate Osvaldo Méndez for the position of mayor of the Municipality of Moca.

### III. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Pursuant to the language of the rule, the moving party bears the two-fold burden of showing that there is "no genuine issue as to any material facts," and that he is "entitled to judgment as a matter of law." Vega-Rodríguez v. Puerto Rico Tel. Co., 110 F.3d 174, 178 (1st Cir., 1997).

After the moving party has satisfied this burden, the onus shifts to the resisting party to show that there still exists "a trial worthy issue as to some material fact." Cortés-Irizarry v. Corporación Insular, 111 F.3d 184, 187 (1st Cir. 1997). A fact is deemed "material" if it potentially could affect the outcome of the suit. *Id*. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." *Id*.

At all times during the consideration of a motion for summary judgment, the Court must examine the entire record "in the light most flattering to the non-movant and indulge all reasonable inferences in the party's favor." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d

576, 581 (1st Cir., 1994). There is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood . . . ." Greenburg v. Puerto Rico Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir., 1987). In fact, "[o]nly if the record, viewed in [this] manner and without regard to credibility determinations, reveals no genuine issue as to any material fact may the court enter summary judgment." Cadle Co. v. Hayes, 116 F.3d 957, 960 (1st Cir., 1997).

Finally, when considering this motion, unsettled issues of motive and intent as to the conduct of any party will normally preclude the Court from granting summary judgment. Mulero-Rodríguez v. Ponte, Inc., 98 F.3d 670, 677 (1st Cir., 1996) (reversing summary judgment and emphasizing that "determinations of motive and intent . . . are questions better suited for the jury") (internal quotation marks omitted) (citation omitted). However, "even in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences [or] unsupported speculation." Ayala-Genera v. Bristol Myers-Squibb Co., 95 F.3d 86, 95 (1st Cir. 1996).

## IV. LEGAL DISCUSSION

**A.   First Amendment Constitutional Protection**.

It is clear that non-policymaking public employees are constitutionally protected from adverse employment decisions on account of their political affiliation. *See* Rutan v. Repub. Party, 497 U.S. 62, 75, 110 S.Ct. 2729 (1990). This constitutional doctrine is premised on the

fact that politically motivated discharge infringes on freedom rights protected by the U.S. Constitution, such as the freedom of belief and association encompassed in the First Amendment. Elrod v. Burns, 427 U.S. 347, 355-58, 96 S.Ct. 2673 (1976); Padilla-García v. Rodríguez, 212 F.3d 69, 74 (1st Cir. 2000).

As to the First Amendment protection, when a public employee presents a political discrimination claim against an employer, the court must determine whether the plaintiff is the kind of employee whose job enjoys protection against political patronage. See Branti v. Finkel, 445 U.S. 507, 517-20, 100 S.Ct. 1287 (1980) (*dismissing* of a public employee based solely on political allegiance violates the First Amendment). This protection extends to public employees who occupy neither policymaking positions nor positions of unusual confidence. See Vázquez Ríos v. Hernández Colón, 819 F.2d 319, 322-26 (1st Cir.1987); Gómez v. Rivera, 344 F.3d 103, 109-110 (1st Cir. 2003). It must be determined also whether a plaintiff was denied, banished from, or suffer adverse employment action in public employment for political reasons.

There is no controversy plaintiffs Méndez and Vega were not trust or confidence public employees for which political affiliation was not a requirement for the effective performance of the duties of their positions. Thus, plaintiffs Méndez and Vega are non-policy making employees who, if First Amendment violations were present, would be entitled to protection under an umbrella of constitutional dimensions.

**B.    Due Process Claim -  Plaintiffs' Property Rights**.

To establish a procedural due process claim plaintiffs must show they held a property interest as defined by state law and defendants, acting under color of state law, deprived them

Case 3:04-cv-01194-JAF   Document 37   Filed 04/12/05   Page 7 of 16

Emilio Méndez Méndez, et al., v. Gilberto Aviles Aviles, et al.
Civil No. 04-1194 (JAF)
Report and Recommendation
Page No. 7

of their property interest without constitutionally adequate process. Logan v. Zimmerman Brush Co., 455 U.S. 422, 428, 102 S.Ct. 1148 (1982); Mimiya Hosp., Inc. v. U. S. Dept. of Health and Human Servs., 331 F.3d 178, 181 (1st Cir. 2003) (*stating* as being well established that individuals whose property interests are at stake are entitled to notice and an opportunity to be heard) (*quoting* from Dusenbery v. United States, 534 U.S. 161, 167, 122 S.Ct. 694 (2002)).

Likewise, plaintiffs' positions should be examined separately *vis a vis* protection against political patronage of one part and on the other part defendants' claim of entitlement to have these positions held by individuals who are in concert with their political and policy views as elected by their constituents. Whether or not a position is subject to political discharge is a legal question for the courts. Flynn v. City of Boston, 140 F.3d 42 (1st Cir. 1998).

In Vázquez Ríos v. Hernández Colón, 819 F.2d 319 (1st Cir. 1987), the Court of Appeals for the First Circuit pondered as to domestic services employees in the Governor's Mansion whose ministerial functions of purely domestic nature did not even potentially concern matters of partisan political interest which could label them confidential public employees and thus were protected against politically motivated discharge. Thus, it ruled that not even the Governor and the Special Aid could reasonably have believed that cleaning women, waiters, and domestic service supervisors were subject to dismissal on basis of political affiliation. As such, under Puerto Rico law, "career" or regular employees have a property interest, as would be protected by the due process clause of the Fourteenth Amendment, in continued employment and can only be fired for good cause. U.S. Constitution, Amend. 14.

Case 3:04-cv-01194-JAF   Document 37   Filed 04/12/05   Page 8 of 16

Emilio Méndez Méndez, et al., v. Gilberto Aviles Aviles, et al.
Civil No. 04-1194 (JAF)
Report and Recommendation
Page No. 8

Because in the instant case defendants have not raised any controversy whether plaintiffs held regular and/or non-trust positions, for which political patronage would not be a requirement to exercise their duties, there is no further need to discuss that plaintiffs are indeed entitled to due process before being deprived of their property right to public employment. As previously mentioned, the protection extends to public employees who occupy neither policymaking positions nor positions of unusual confidence.  Gómez, 344 F.3d at 109-110; Vázquez Ríos, 819 F.2d at 322-26.

## C. Political Discrimination Claim.

An analysis remains as to whether plaintiffs in this case could meet their burden for their *prima facie* case to establish deprivation of their First Amendment rights.

In claims of political discrimination in employment, non-policy making employees have the burden to produce sufficient, direct or circumstantial, from which a rational jury could find that their political affiliation was a substantial or motivating factor behind the adverse employment action in other words, establish causation.[2]  LaRou v. Ridlon, 98 F.3d 659, 661 (1st Cir. 1996); Acevedo Díaz v. Aponte, 1 F.3d 62, 66 (1st Cir. 1993).  The employer must then articulate a non-discriminatory basis for the adverse employment action and establish, by a preponderance of the evidence, that it would have taken such action without regard to plaintiffs' political affiliation.  *See* Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 97 S.Ct. 568 (1977).

---

[2] *See* Padilla-García, 212 F.3d at 69 indicting that, once plaintiff satisfies this burden, the devoir of persuasion shifts to defendants to prove they would have taken the same action regardless of plaintiff's political affiliation.

The analysis established by Mt. Healthy for political discrimination cases passes the burden of persuasion to the defendant-employer once plaintiffs have produced sufficient evidence of a *prima facie* case. In other words, "the plaintiff-employee will prevail unless the fact finder concludes that the defendant has produced enough evidence to establish that the plaintiff's dismissal would have occurred in any event for nondiscriminatory reasons." Padilla-García, 212 F.3d at 77-78. Thus, defendants must persuade the court that their proffered non-discriminatory reason is credible. Rodríguez Ríos v. Cordero, 138 F.3d 22, 26 (1st Cir. 1998).

On the one hand, plaintiffs' burden under Mt. Healthy goes directly to causation. To prevail, they must point to evidence in the record that would "permit a rational fact finder to conclude that the challenged personnel action occurred and stemmed from a politically discriminatory animus". Rivera Cotto v. Rivera, 38 F.3d 611, 614 (1st Cir. 1994); Vázquez v. López Rosario, 134 F.3d 28, 36 (1st Cir. 1998). This showing would require more than merely "juxtaposing a protected characteristic – someone else's politics – with the fact that plaintiff was treated unfairly. Correa-Martínez v. Arrillaga Beléndez, 903 F.2d 49, 58 (1st Cir. 1990). *See* Rodríguez-Ríos v. Cordero (*finding* evidence sufficient when demonstrated defendants were politically active and were aware of plaintiff's opposing views).

Turning to the instant case, although no crystal ball assumption would be appropriate, it is not unreasonable to consider depositions' testimonies and plaintiffs' sworn statement on personal knowledge, with the timing of defendants' claimed need to dismiss the only two (2) municipal employees who supported an opposing candidate, more so absent verifiable or unsworn evidence by defendants to support their allegations of a financial deficit in the

Municipality of Moca.³ If jointly considered, these may raise a triable issue of fact on whether such conduct could establish politically motivated bias in the defendants' employment decisions.

Thus, as explained in detail herein below, from the translated exhibits and attachments, there is a controversy of genuine material facts and there are credibility determinations which preclude the granting of summary judgment.

### 1. Plaintiff Méndez' Opposition - Prima Facie Burden.

Plaintiff Méndez submits an affidavit as evidence in opposition to summary judgment to establish his political loyalty to the opposing NPP candidate for mayor of the Municipality of Moca was well known. An affidavit indicates having personal knowledge of these events. Carmona v. Toledo, 215 F.3d 124, 131 (1st Cir. 2000) (*noting* such affidavits must be made on personal knowledge and set forth facts that would be admissible in evidence); Santiago Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 53 (1st Cir. 2000) (*finding* affidavits submitted in opposition to summary judgment which merely reiterate allegations made in the complaint without providing specific factual information made on the basis of personal knowledge are held insufficient).

Furthermore, Méndez was questioned by defendant Gilberto Avilés some time in February 2003 if it was true he supported the candidacy of opposing candidate Osvaldo Méndez for the position of mayor of Moca. In Méndez' deposition testimony, it is also indicated,

---

³ Although neither party has raised an issue as to whether plaintiffs are regular, career, contract or transitory employees, even if the claims raised deal with contract employees, it is settled law the Elrod-Branti doctrine extends to a politically motivated non-renewal of a term of employment, regardless of the transitory nature of the position. See Nieves-Villanueva v. Soto-Rivera, 133 F.3d 92, 94 n. 3, 98 (1st Cir.1997) (*citing* Cheveras Pacheco v. Rivera-González, 809 F.2d 125 (1st Cir.1987)); Figueroa v. Aponte-Roque, 864 F.2d 947, 951 (1st Cir.1989) (citing same). See also Padilla-Garcia, 212 F.3d at 75.

among other instances, that: defendant Gilberto Avilés visited plaintiff Méndez' home when candidate Osvaldo Méndez was present; at that time, defendant Gilberto Avilés told plaintiff he was going to dismiss him and Vega for economic reasons, which plaintiff Méndez considers being a subterfuge for the real reason, which was his support of the Mayor's rival in the primaries. Prior to Méndez' dismissal there was no letter of reprimand nor any negative personnel action related to his work performance.

### 2. Plaintiff Vega's Opposition - Prima Facie Burden.

Plaintiff Vega also submits evidence which would show his political loyalty to the opposing NPP candidate for mayor of the Municipality of Moca was well known. Vega's deposition testimony shows that, on several occasions, defendant Gilberto Avilés told him he could dismiss him whenever he wanted, he was causing problems and at one instance used foul language while addressing him. As to defendant's Gilberto Aviles' letter to encourage him not to resign back in 2003, Vega submits that, although true, defendant at that time was not aware the opposing candidate would participate in the 2003 primaries for mayor of the Municipality of Moca. As to the problem with the time sheets adduced by defendants, Vega claims the situation aroused after defendants had acquired knowledge Vega supported the opposing candidate.

A *prima facie* case of political discrimination may be proven by circumstantial evidence. Kercado Meléndez v. Aponte Roque, 829 F.2d 255, 264 (1st Cir. 1987); Rosaly v. Ignacio, 593 F.2d 145, 149 (1st Cir. 1979). Evidence suggesting defendants' reorganization was a sham [to cover for dismissal of employees] may be considered probative of discriminatory *animus* by the

employer in the adverse employment decision. González v. Tirado Delgado, 990 F.2d 701, 706 (1st Cir. 1993).

Plaintiffs have presented being members of a protected group who qualify for the position they formerly occupied and were subject to an adverse employment action. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817 (1973) (*finding* these factors necessary to make out a *prima facie* case of political discrimination).[4] Plaintiffs have additionally indicated, although since leaving their place of work had no access to payroll or knowledge of personnel decisions, and defendants have presented no evidence to the contrary, that additional part-time employees were hired subsequent to their dismissal who carry out some of the functions plaintiffs' performed. Defendants have acknowledged by submitting plaintiff Mendez' deposition that only 30% of his work time entailed taking notes of hearings which are now expedited with the use of a recording device.

In view of the foregoing, plaintiffs Méndez and Vega have established a prima facie case of political discrimination.

### 3. Defendants' Proffered Reason for their Personnel Actions.

Defendants have not presented any reason for dismissal of Méndez or Vega except their claim of an expected financial deficit of the Municipality. Defendants have supported their personnel action as to plaintiffs on a generalized assertion they should be entitled to take any and all human resources determinations and reorganization because of financial deficit

---

[4] The burden shifting mechanism in McDonnell Douglas for a *prima facie* case requires plaintiff to establish 1) being a member of a protected group; 2) who was subject to adverse employment action; 3) qualifies for the position and 4) a person not of the protected class replaced or was selected over plaintiff.

considerations insofar as plaintiffs' positions, although no other action to resolve the financial situation alleged seems to have been taken. There is not even a hint of discussion by defendants of any uniform personnel policy which was followed to determine the employees' performance, need of services, neutral dismissal or lay-off plans applicable to municipal personnel on the basis of seniority, needs of service, range of salary, economy on wages and expenses, that would establish at least *prima facie* the neutrality of the lay-off/dismissal decisions in this case. If defendants would establish a reasonable non-discriminatory basis for their employment decisions, then plaintiffs would be required to come forth with the burden to show the proposed reasons were pretextual. Defendants have not meet their burden.[5]

The only document directly related to defendants' averment of financial deficit of the Municipality of Moca included with their motion for summary judgment, seemly a Statement of Estimated and Actual Income, is unverified, unsworn, illegible, and not translated into the English language.[6] Defendants submitted also copies of the termination letters sent to plaintiffs stating austerity and financial situation as the reason for their dismissals. These letters are not incorporated to any sworn statement of defendants or their representatives as to the veracity of

---

[5] See Padilla-García, 212 F.3d at 69 in which, though municipal restructuring was a campaign promise of the new mayor, there was an issue of fact, precluding summary judgment on political discrimination claim of former city employee, as to whether the restructuring was used as a discriminatory tool for the employee's non-renewal, given evidence that politics played a role, and absent evidence that others in municipal government were also terminated as a result of the restructuring.

[6] Exhibit 000065 seems to refer to Estimated and Actual Income Statement and is not only illegible when initially filed with this Court but in addition, no English translation appears on record for which it cannot be considered nor referred to in this report and recommendation.

In collecting a record for summary judgment, a Puerto Rico district court must sift out non-English materials and parties should submit only English-language materials. Fed.Rules Civ.Proc.Rule 56, 48 U.S.C.A. § 864; Estades-Negroni v. Associates Corp. of North America, 359 F.3d 1 (1st Cir. 2004); González-De-Blasini v. Family Dept., 377 F.3d 81 (1st Cir. 2004).

Case 3:04-cv-01194-JAF   Document 37   Filed 04/12/05   Page 14 of 16

Emilio Méndez Méndez, et al., v. Gilberto Aviles Aviles, et al.
Civil No. 04-1194 (JAF)
Report and Recommendation
Page No. 14

their content.  Such being the situation, defendants have provided no verifiable evidence, except for counsel's allegations and the unsworn answer to the complaint, as to the existence of the alleged financial deficit of the Municipality of Moca which would require as its seemly sole remedial action dismissal of the only two (2) employees who held opposition to their political contentions.[7]

The above discussed evidence of record and circumstantial evidence derived from same would not support defendants' claim of being entitled to summary disposition since plaintiffs have raised a genuine controversy as to whether their known political affiliation was a motivating factor in the adverse employment actions.  Although plaintiffs must then prove both, that defendants' explanation is false and that the real reason behind defendants' actions was discriminatory animus, it will not always be necessary for the plaintiff to present additional evidence of discrimination beyond that necessary to prove that the proffered reasons are pretextual.  See St. Mary's Honor Center, 509 U.S. 502, 511, 113 S.Ct. 2742 (1993); *see also* Kelley v. Airborne Freight Corp., 140 F.3d 335, 349 (1st Cir. 1998);  Alvarez-Fonseca v. Pepsi Cola of Puerto Rico Bottling Co.152 F.3d 17, 24-25 (1st Cir. 1998).

In view of the fact there are genuine issues of fact and credibility determinations as to plaintiffs' claims their dismissals were motivated by a politically discriminatory animus in violation of their due process and First Amendment rights, summary judgment is not

---

[7] Absent record evidence to substantiate the asserted nondiscriminatory motive proposed by the employer related to its "reorganization" plan, a rational factfinder reasonably could infer that defendants' true purpose was political discrimination. See Woodman v. Haemonetics Corp., 51 F.3d 1087, 1092 (1st Cir.1995) ("Where the elements of a sufficient *prima facie* case combine with the factfinder's belief that the ostensible basis for [demoting an] employee was pretextual, ... the factfinder is permitted to infer ... intentional [political] discrimination...."). Rodríguez-Ríos, 138 F.3d at 26.

Case 3:04-cv-01194-JAF   Document 37   Filed 04/12/05   Page 15 of 16

Emilio Méndez Méndez, et al., v. Gilberto Aviles Aviles, et al.
Civil No. 04-1194 (JAF)
Report and Recommendation
Page No. 15

appropriate. Accordingly, it is recommended defendants' request for summary judgment of the federal claims be DENIED.

## D.  Pendent Jurisdiction over State Claims.

Defendants have also made one line reference in their motion for summary judgment, without further arguments, to dismissal of claims based on Puerto Rico law. The complaint seeks relief under Law No. 382 of 1950, making illegal for any employer to fire, demote or in any form discriminate against any person because of that person's political belief. Complaint ¶¶ 9-10. Plaintiffs also seek relief under Law No. 100 of 1959, 29 PRLA §146, which contains the same prohibition and the complaint makes reference to the presumption of Section 137 of 29 PRLA *Id*. ¶¶11,12. *See* P.R. Laws Ann. tit. 29, § 148.[8]

Pendent or supplemental jurisdiction exists whenever there is a claim arising under the Constitution, the laws of the United States, and treaties made under their authority and the relationship between that claim and the state claim can be found to constitute but one constitutional case. The state claims must be linked to the federal claim by a "common nucleus of operative facts", and must be sufficiently substantial to confer federal court jurisdiction. United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130 (1966); Rodríguez v. Doral Mortgage, 57 F.3d 1168, 1175 (1st Cir. 1995).

The exercise of pendent jurisdiction as to plaintiffs' state claims are subject to the Court's discretionary power. Federal claims against defendants survive the motion for summary judgment. Thus, upon an assessment of judicial economy and fairness to litigants, it is

---

[8] However, contrary to federal law, Law 100 establishes a rebuttable presumption that the employer has discriminated illegally unless the employer can show that the discharge was justified. See P.R. Laws Ann. tit. 29, § 148.

recommended to the Court to exercise pendent jurisdiction as to plaintiffs' Commonwealth claims against defendants.

## CONCLUSION

In view of the fact that there are genuine issues of fact and credibility determinations as to plaintiffs' claims that their dismissal was motivated by a politically discriminatory animus in violation of their due process and First Amendment rights, and their related state claims, summary judgment is not appropriate. Accordingly, it is recommended that defendants' request for summary judgment be DENIED.

IT IS SO RECOMMENDED.

The parties are ordered to file any objections to this report and recommendation within ten (10) days. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). *See* Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the Magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

In San Juan, Puerto Rico, this 12th day of April 2005.

                                      **S/ CAMILLE L. VELEZ-RIVE**
                                      **CAMILLE L. VELEZ-RIVE**
                                      **UNITED   STATES   MAGISTRATE   JUDGE**